## LUCIAN HOTCHKISS *vs.* THOMAS M. JUDD.

A count upon a contract is subject to demurrer, if it does not allege that the defendant undertook to perform his contract before the date of the writ.

A count for money had and received, to recover back money paid by the plaintiff to the defendant under an agreement, which the defendant has failed to perform, is good, although the special agreement is also declared on in another count, which does not allege that the defendant undertook to perform the agreement before the date of the writ, and both counts are alleged to be for the same cause of action.

CONTRACT. The first count was as follows:

" The plaintiff says he was chairman of the selectmen of the town of Sandisfield in said county, and was directed by a meeting of divers citizens of the town to procure or cause to be procured the enlistment of volunteers to be mustered into the military service of the United States as a part of the quota of Massachusetts and of the said town of Sandisfield, under a call of the president of the United States for men to put down the rebellion. And the defendant agreed with the plaintiff to procure volunteers to be mustered into the military service of the United States, and that the men so to be procured and mustered should count on the quota belonging to said town of Sandisfield. And in consideration of the agreement and undertaking aforesaid of the defendant, the plaintiff agreed to pay to the defendant one hundred dollars for each and every man so mustered and counted in, to the number of five men, and did pay to the defendant in advance the sum of five hundred dollars, relying upon the agreement of the defendant as aforesaid. But the plaintiff says that the defendant failed to do and perform his said agreement, and did not procure five men nor any number of men, to be mustered and counted as aforesaid, to the great damage of the plaintiff."

The second count was for five hundred dollars had and received, with the following bill of particulars:

" To cash paid you under an agreement to procure the enlistment of volunteers into the service of the United States, to count on the quota of men required of the town of Sandisfield

under a call of the president of the United States for men to put down the rebellion, which agreement you failed to perform $500."

The defendant demurred to the declaration, and the demurrer was sustained in the superior court, and judgment ordered for the defendant. The plaintiff appealed to this court.

*M. Wilcox*, for the plaintiff.

*I. Sumner*, for the defendant.

CHAPMAN, J. The first count is defective in not stating any promise of the defendant which was to be performed before the date of the writ. It is a specimen of very loose and inartificial pleading.

The second count, being a general count for money had and received, with a bill of particulars annexed, is good. If the plaintiff did pay to the defendant the alleged sum of $500, and the defendant did promise the plaintiff in consideration thereof to procure five volunteers to be mustered into the military service of the United States, to count on the quota of the town of Sandisfield, and did not perform his promise though the time for its performance had elapsed, the plaintiff is entitled to recover back his money, on the ground that the consideration for which he paid it has failed. *Hill* v. *Rewee*, 11 Met. 268.

It is objected that the declaration alleges that both counts are for the same cause of action, and that it appears by the first count that the plaintiff made the contract as an agent for other persons. But we cannot thus construe the first count. It alleges that the contract was made between the parties to the writ, and that the plaintiff paid the defendant the money. If this be so, the plaintiff is the proper and only party to bring the action, though he was acting on behalf of others; for an agent may make a personal contract by which he alone is bound, and on which he alone can sue. Such a contract is set forth in this declaration. *Demurrer overruled.*